# UNITED STATES DISTRICT COURT

for the

*EASTERN DISTRICT OF WISCONSIN*

*In the Matter of the Search of*

**A USPS First Class Mail parcel with tracking number 9400 1118 9956 0411 7421 38 addressed to "Greg Sikora, 2604 County Road Y, Aniwa, WI 54408-9400" and containing the return address "US Jewel Supply, P.O. Box 1989, Alief Tx 77411."**

**Case Number:** 13 - m - 655

## APPLICATION & AFFIDAVIT FOR SEARCH WARRANT

I, Matt Schmitz, a federal law enforcement officer, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

**A USPS First Class Mail parcel with tracking number 9400 1118 9956 0411 7421 38 addressed to "Greg Sikora, 2604 County Road Y, Aniwa, WI 54408-9400" and containing the return address "US Jewel Supply, P.O. Box 1989, Alief Tx 77411."**

currently located in the Eastern District of Wisconsin there is now concealed: **Please see attached affidavit, which is hereby incorporated by reference.**

The basis for the search warrant under Fed. R. Crim. P. 41(c) is which is (check one or more):

✓ evidence of a crime;
✓ contraband, fruits of a crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

Title 21, United States Code, Sections 841(a)(1), 843(b), and 844.

USPS EDWI
FILED IN GREEN BAY DIV

OCT - 7 2013

AT_____ O'CLOCK____ M
JON W. SANFILIPPO

The application is based on these facts:

✓ Continued on the attached sheet, which is incorporated by reference.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days:_____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature
Name and Title: Matt Schmitz, U.S. Postal Inspector

Sworn to before me, and signed in my presence.

Date Oct. 7 , 2013

City and state: Green Bay, Wisconsin

_____
Judge's signature
THE HONORABLE WILLIAM C GRIESBACH
United States District Court Chief Judge
*Name & Title of Judicial Officer*

## AFFIDAVIT

Matt Schmitz, United States Postal Inspector, being duly sworn, states the following information was developed from his personal knowledge and from information furnished to him by other law enforcement agents and professional contacts:

## I. INTRODUCTION

1.  I have been employed by the United States Postal Inspection Service for approximately nine years and was previously employed as a Police Officer with the City of Middleton (WI) and City of Janesville (WI) Police Departments for a total of six years. As part of my duties as a Postal Inspector, I investigate the use of the U. S. Mails to illegally send and receive controlled substances and drug trafficking instrumentalities. I have participated in investigations which have resulted in the arrest of individuals who have received and distributed controlled substances using the U.S. Mail, as well as the seizure of the illegal drugs and proceeds from the sale of those illegal drugs. My training and experience includes identifying packages with characteristics indicative of criminal activity, namely, the distribution of controlled substances.

2.  This affidavit is submitted in support of an application for a search warrant for a 11.5 inch by 8 USPS First Class Mail envelope with tracking number 9400 1118 9956 0411 7421 38, mailed on September 30, 2013, from Katy, TX 77449. The mailing is addressed to "Greg Sikora, 2604 County Road Y, Aniwa, WI 54408-9400" and contains the return address, "US Jewel Supply, P.O. Box 1989, Alief Tx 77411." The envelope weighs approximately 5 ounces, bears $2.04 in postage, and has a noticeable bulge in the center.

## II. BACKGROUND

3.  Recently, some individuals in the United States have begun to buy, sell, and/or ingest what is referred to as "bath salts." Many of these items are sold over the internet and in local retail shops and are marketed as novelty items that are not to be used for human consumption. Bath salts are

Central Nervous System stimulants and have no real value as a bath salt or other bath product. Through my experience in conducting investigations involving the possession and use of bath salts, I have learned that they are consumed by users intravenously, snorted, or smoked. Bath salt users generally report physical effects similar to methamphetamine and cocaine and adverse effects including paranoia, delusions, panic attacks, and psychotic episodes. I have also learned through my experience with investigations concerning bath salts that entities selling bath salts intentionally mislabel the "bath salt" and its chemical composition to evade detection by law enforcement. Also, these "bath salts" are often labeled "not intended for human consumption" in an attempt to circumvent federal and state controlled substance laws. Generally, bath salts are sold in half-gram or gram quantities.

4.   In 1986, Congress established federal prohibitions against trafficking in controlled substance analogues by amending the Controlled Substances Act, 21 U.S.C. 801-971. The result was the Controlled Substance Analogue Enforcement Act of 1986 (CSAEA) which was designed to address "underground chemists who tinker with the molecular structure of controlled substances to create new drugs that are not scheduled." These new drugs are referred to as controlled substance analogues. New designer drugs are often created as alternatives to known illegal drugs because they may be marketed as being legal. The Controlled Substance Analogue Enforcement Act's purpose is to prevent the development of new drugs that are not scheduled, provide elasticity and prevent a specific listing of chemical analogues. *United States v. Klecker, 348 F.3d 69 (4th Cir. 2003).* Under the CSAEA, a controlled substance analogues is a substance:

   a. the chemical structure of which is substantially similar to the chemical structure of a controlled substance in Schedule I or II;

   b. which has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or

hallucinogenic effect on the central nervous system of a controlled substance in
Schedule I or II; or

c.  with respect to a particular person, which such person represents or intends to have a
stimulant, depressant, or hallucinogenic effect on the central nervous system that is
substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect
on the central nervous system of a controlled substance in Schedule I or II. In other
words, evidence must exist to show that the analogue was consumed by a person or was
intended to be consumed by a person.

5.  On October 21, 2011, the Drug Enforcement Administration (DEA) issued a final order to
temporarily schedule three synthetic cathinones under the Controlled Substances Act (CSA).
These substances are Mephedrone (4-methyl-N-methylcathinone), Methylone (3,4-
methylenedioxy-N-methylcath-inone) and MDPV (3,4-methylenedioxypyrovalerone). This action
was based on a finding by the DEA Administrator that the placement of these synthetic
cathinones and their salts, isomers, and salts of isomers into Schedule I of the CSA was
necessary to avoid an imminent hazard to public safety. As a result, the full effect of the CSA and
its implementing regulations including criminal, civil, and administrative penalties, sanctions and
regulatory controls of Schedule I substances, will be imposed on the manufacture, distribution,
possession, importation, and exportation of these synthetic cathinones.

6.  During the course of this investigation I learned the following through a review of information
produced by the Drug Enforcement Administration (DEA), the DEA's Chemical Evaluation
Section, and through various sources on the internet:

   a.  Butylone: In approximately February, 2012, The DEA's Drug and Chemical Evaluation
   Section determined butylone is substantially similar in chemical structure to the Schedule I
   controlled substance methylone and that butylone is expected to have a substantially similar

effect on the Central Nervous System as that of methylone. When I queried Butylone on the internet I received information from several sources which identified Butylone as a derivative of MBDB, a drug which has been identified in bath salts.

b. Pentylone: In approximately February, 2012, the DEA's Drug and Chemical Evaluation Section determined pentylone is substantially similar in chemical structure to the Schedule I controlled substance methylone and that pentylone is expected to have a substantially similar effect on the Central Nervous System as that of methylone.

c. α-PVP: In approximately December, 2011, the DEA's Drug and Chemical Evaluation Section determined α-PVP is substantially similar in chemical structure to the Schedule I hallucinogen methylenedioxyprovalerone (MDPV) and that α-PVP and MDPV are expected to share substantially similar pharmacological effects.

### III. INVESTIGATION

7. In September, 2013, I received information from the Antigo Police Department that numerous individuals in Antigo, WI were suspected of receiving bath salts through the US Mail. Antigo Police Office Brady Goeks told me he received information that the bath salts are being mailed to Antigo by "US Jewel Supply, PO Box 1989 Alief, TX 77411." Officer Goeks said the bath salts mailed from US Jewel Supply may also contain a piece of jewelry.

8. I am aware of the company "US Jewel Supply" considering I have executed two previous federal search warrants on mailings from the operator of US Jewel Supply to individuals in the Antigo, WI area. On November 16, 2012, US Magistrate Judge James Sickel authorized a search warrant under case number 12-M-710 to search Express Mail parcel EI532948228US for evidence of a controlled substance. This parcel was addressed to Jennifer Sikora (Greg Sikora's sister) in Antigo, WI. On November 16, 2012, I executed the search warrant on this parcel and found it to

contain two bags filled with a cream colored powder with each bag labeled "APVP." The powder was examined on December 28, 2012, by the Drug Enforcement Administration (DEA) Forensic Laboratory and determined to be alpha-pyrrolidinopentiophenone, also known as α-PVP. On May 6, 2013, US Magistrate Judge James Sickel authorized a search warrant under case 13-M-624 to search the contents of a Priority Mail parcel for evidence of controlled substances. This parcel was destined to be delivered to Jesse Bierman of Birnamwood, WI and was mailed from "N B Tween" of Katy, Texas. I know that Birnamwood is a community approximately 16 miles south of Anitgo, WI. I learned in my investigation of this parcel that the individual who operated the entity known as US Jewel Supply used the return address of "N B Tween" and changed the website to "RC4U" in an attempt to avoid detection by law enforcement. I executed the search warrant under case number 13-M-624 on May 10, 2013, and found the parcel contained two bags labeled "APVP" that held a cream colored powder. The bags and its contents appeared to be identical in appearance to the bags seized under search warrant 12-M-710.

9.  In September, 2013, after receiving information from Antigo Police Officer Goeks about bath salts being mailed to Antigo, WI, I travelled to the Antigo Post Office and instructed the employees to watch for mailings containing the return address of US Jewel Supply in Texas. On October 3, 2013, I received information from the Antigo Post Office that a First Class parcel with tracking number 9400 1118 9956 0411 7421 38 had arrived that contained the return address of "U.S. Jewel Supply, P.O. Box 1989, Alief Tx 77411." I also learned this parcel was addressed to "Greg Sikora, 2604 County Road Y, Aniwa, WI 54408." The Antigo Post Office reported that on October 3, 2013, two different unknown males approached employees inquiring about the delivery status of this parcel. I know from previous controlled substance investigations that an individual intending to receive a mailing containing controlled substances may often employ another individual to inquire about the mailing with USPS personnel. This technique is commonly used by the intended recipient in order to avoid detection by law enforcement.

10. On October 4, 2013, I travelled to the Antigo Post Office and examined the exterior of the subject First Class parcel with tracking number 9400 1118 9956 0411 7421 38. I saw the parcel was addressed to "Greg Sikora, 2604 County Road Y, Aniwa, WI 54408," contained the return address "U.S. Jewel Supply, P.O. Box 1989, Alief Tx 77411," and had a noticeable bulge in the center that was pliable and soft. It did not feel as though the mailing contained any type of jewelry. The Antigo Post Office reported that one of the unknown males who had inquired about the mailing on October 3, 2013, was told that he could return to the Post Office on October 4, 2013 at approximately 9:00 AM to inquire about the delivery status of the parcel. The Post Office also reported this individual was last seen driving a small tan colored truck. At approximately 9:00 AM on October 4, 2013, Langlade County Sheriff's Deputies and I conducted surveillance outside the Antigo Post Office. Langlade County Sheriff's Investigator Dan Bauknecht said he has received information from numerous individuals over the course of several months that Greg Sikora of Antigo, WI is a large supplier of bath salts in the Antigo, WI area. During surveillance law enforcement immediately saw a tan colored Chevrolet S-10 park in a stall at the rear of the post office for approximately one minute before it drove to the front of the Post Office. A male, identified by Langlade County Sheriff's Investigator Bauknecht as Greg Sikora, parked the truck in front of the post office and began walking to the post office's main entrance. Langlade County deputies and I made contact with Sikora outside the post office where I showed him the subject First Class Mail parcel and asked if he was expecting delivery of the parcel. Greg Sikora told me he was expecting the parcel and that it contained a $200 pearl necklace. Greg said he normally receives his mail at his parent's residence at W10408 W. Bear Lake Rd. in Antigo, WI 54409, but decided to have the necklace mailed to a friend's house at 2604 County Road Y in Antigo, WI. Greg said he ordered the necklace from the US Jewel Supply website and denied that the mailing contained bath salts. I know from previous controlled substance investigations that individuals expecting to receive controlled substances through the U.S. Mail commonly have the controlled

substances sent to an address that is not their residence in order to avoid detection by law enforcement.

11. On October 4, 2013, I queried the internet using the search term "US Jewel Supply" and was directed to the website www.usjewelsupply.com. I navigated the pages of this website and saw the main page listed several items of jewelry for sale. I also visited the "Terms and Conditions" page of the website and read the following: "That any product on this site are (sic) legal to sell and / or purchase in your local city and state"…….."We do not sell illegal drugs or drug paraphernalia and none of the products sold on this site are intended to be used as or alongside illegal drugs"………."Buyer understands that all www.usjewelsupply.com products are offered for it (sic) intended purposes only and that these products are not intended for human consumption. Buyer understands that Seller's products are not meant for oral consumption, inhalation or smoke/hot vapors." Although this website does not openly advertise the sale of bath salts, I believe the information contained in their "Terms and Conditions" page as documented above is evidence that controlled substances are sold through the website.

12. Postal Regulation Sec. 274.31 of the United States Postal Service Administrative Support Manual states that no one may detain mail sealed against inspection, except under the following condition: A Postal Inspector acting diligently and without avoidable delay, upon reasonable suspicion, for a brief period of time, to assemble evidence sufficient to satisfy the probable cause requirement for a search warrant issued by a Federal Court.

13. For these reasons there is probable cause to believe that First Class parcel with tracking number 9400 1118 9956 0411 7421 38 contains controlled substances and/or controlled substance paraphernalia. I am seeking the issuance of a warrant to search this parcel, and the contents contained therein, for contraband and evidence of a crime, namely, possession

and possession with the intent to distribute controlled substances, and use of the mails to commit a controlled substance felony, in violation of Title 21, United States Code, Sections 841(a)(1), 843(b), and 844.


Matt Schmitz
U.S. Postal Inspector


Subscribed and sworn to before me this _____ 7th _____ day of October, 2013.


The Honorable William C. Griesbach
United States District Court Chief Judge
Eastern District of Wisconsin